No. 19-1478
*Hadassah Academic College v. Hadassah, The Women's Zionist Organization of America, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty.

PRESENT:
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

───────────────────────────────────────

HADASSAH ACADEMIC COLLEGE,

> *Plaintiff-Appellant*,

> v.                                                              No. 19-1478

HADASSAH, THE WOMEN'S ZIONIST
ORGANIZATION OF AMERICA, INC.,

> *Defendant-Appellee.*

───────────────────────────────────────

FOR PLAINTIFF-APPELLANT:                    ERIC ASCHKENASY (Peter Reiser, Eric R.
                                            Levine, *on the brief*), Eiseman Levine
                                            Lehrhaupt & Kakoyiannis, P.C., New
                                            York, NY.

FOR DEFENDANT-APPELLEE:          DANIEL L. KURTZ (James S. O'Brien, Jr.,
                                 *on the brief*), Pryor Cashman LLP, New
                                 York, NY.

Appeal from the judgment and order of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 2, 2018, is **AFFIRMED**.

Plaintiff-Appellant Hadassah Academic College ("HAC") appeals from a judgment of the District Court (Torres, *J.*) in favor of Defendant-Appellee Hadassah, The Women's Zionist Organization of America, Inc. ("Hadassah").[1] The District Court dismissed HAC's diversity suit for lack of standing, holding that HAC had not met the "special interest" exception to the general rule in New York that potential beneficiaries of charities do not have standing to contest how those charities are administered. HAC appeals.

We take the following statement of facts from HAC's complaint, as we must when reviewing a motion to dismiss. HAC, an Israeli college founded in 1996, brought this suit against Hadassah, a New York nonprofit corporation founded in 1912, on state law claims of breach of fiduciary duty, conversion, and unjust enrichment, and sought an accounting and imposition of a constructive trust. HAC has for many years been a beneficiary of charitable funds transmitted to it by Hadassah, and funds donated to Hadassah are often earmarked by donors for later distribution to HAC. HAC alleges that, due to a dispute between the organizations regarding Israeli real estate, in recent years Hadassah has failed to transmit to HAC funds so earmarked. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to

---

[1] The record on appeal includes gift agreements by which individuals donated money to Hadassah Medical Relief Association, Inc. ("HMRA"), rather than to the named defendant, Hadassah, and the two organizations appear to be related. HAC's Proposed First Amended Complaint attempted to add HMRA as a defendant. We refer to HMRA and Hadassah together as "Hadassah" for purposes of this summary order, as the inclusion of HMRA as a defendant does not affect our standing analysis.

explain our decision to affirm the District Court's judgment and order. On appeal from a dismissal for lack of standing, "[w]e review legal questions relating to standing *de novo* and factual findings for clear error." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 45 (2d Cir. 2015) (internal quotation marks omitted).

Under New York law, the general rule is that "one who is merely a possible beneficiary of a charitable trust, or a member of a class of possible beneficiaries, is not entitled to sue for enforcement of the trust." *Alco Gravure, Inc. v. Knapp Found.*, 64 N.Y.2d 458, 465 (1985). New York law authorizes and obligates the New York Attorney General to sue on behalf of beneficiaries. *Id.*; N.Y. Est. Powers & Trusts Law § 8-1.1(f) ("The attorney general shall represent the beneficiaries of such dispositions for religious, charitable, educational or benevolent purposes and it shall be his duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts."). This rule serves to "prevent vexatious litigation and suits by irresponsible parties who do not have a tangible stake in the matter." *Alco Gravure*, 64 N.Y.2d at 466.

HAC argues that it falls within a narrow exception to this general rule, which allows suits by beneficiaries with a "special interest" in the charitable funds. In *Alco Gravure*, the New York Court of Appeals explained that, to qualify for this exception, a beneficiary must be "entitled to a preference in the distribution of such funds [by the charitable entity] and the class of potential beneficiaries [must be] sharply defined and limited in number." 64 N.Y.2d at 465. HAC argues on appeal that the earmarked funds donated to Hadassah give it a qualifying preference in the distribution of those funds, and that it otherwise satisfies the exception's terms.

To establish a qualifying preference, however, HAC points only to gift agreements and wills in which donors or testators expressed a desire that the funds directed to Hadassah eventually flow to HAC, while leaving Hadassah with discretion as to the funds' ultimate distribution. The gift agreements that it presents contain terms acknowledging that Hadassah retains complete discretion in the disposition of the funds notwithstanding the expressed wishes of the donor. The wills submitted also are devoid of language binding Hadassah or

3

restricting its ultimate exercise of discretion. This is not enough to satisfy New York law's "special interest" exception.

In these circumstances, we conclude that HAC has failed to show it is "entitled to a preference in the distribution of such funds." *Alco Gravure*, 64 N.Y.2d at 465. We therefore affirm the District Court's dismissal of HAC's suit for lack of standing.

\* \* \*

We have considered all of HAC's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court